**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HILARJUS JOHNY MONTOLALU,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70582

Agency No. A095-634-722

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2013
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and DU, District Judge.[**]

Hilarjus Johny Montolalu petitions for review of the decisions by the Board

of Immigration Appeals (BIA) denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).  The BIA

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Miranda Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

affirmed the immigration judge's (IJ) denial of any relief, because (1) Montolalu's application for asylum was time barred, (2) Montolalu's testimony was not credible, and (3) Montolalu failed to establish clear probability of future persecution. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     The BIA did not err in concluding that Montolalu's asylum application was untimely, because he failed to show that the country conditions had materially changed since Montolalu arrived in the United States in November 2001. *See Vahora v. Holder*, 641 F.3d 1038, 1044 (9th Cir. 2011).[1]

2.     We must accept the BIA's adverse credibility finding "as long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of [Montolalu's] claims." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Here, the BIA found Montolalu not credible for several reasons, in particular Montolalu's testimony regarding the attack on December 25, 2000. The inconsistencies in Montolalu's testimony and between his testimony and application go to the heart of his asylum claim. *See Zamanov v.*

_____

[1] Petitioner argued that the NSEERS special registration requirement constituted changed circumstances. However, at oral argument Petitioner withdrew this argument.

2

*Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding.") Montolalu was confronted with the inconsistencies and the BIA reasonably rejected his explanation. *See Tekle v. Mukasey*, 533 F.3d 1044, 1055 (9th Cir. 2008). Therefore, substantial evidence supports the BIA's determination that Montolalu was not credible with regard to his claim for withholding of removal. The record does not compel a contrary conclusion.

Absent credible testimony, the BIA did not err in concluding that Montolalu failed to produce sufficient evidence to show that he is more likely than not to be tortured if he returns to Indonesia. *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

3. Even though the BIA did not have the benefit of this court's cases in *Tampubolon v. Holder*, 610 F.3d 1056, 1060 (9th Cir. 2010), or *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009), the BIA's conclusion that Montolalu did not qualify for withholding of removal under a disfavored group analysis was not error. The BIA concluded that Montolalu (1) did not establish any claim of past persecution based upon a lack of credibility and (2) did not establish any claim of future persecution, because his similarly situated family remains in Indonesia unharmed. Those findings preclude a conclusion that Montolalu can show a

3

sufficient individual risk of persecution, which is required under the disfavored group analysis. *See Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant . . . .").

**PETITION FOR REVIEW DENIED.**